UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A., | Case No. 1:25-cv-00725-JLT-EPG |
| Plaintiff, | ORDER PERMTTING SUPPLEMENTAL BRIEF AS TO SERVICE |
| v. | (ECF No. 17) |
| K&K TRANS INC, et al., | |
| Defendants. | |

This matter is before the Court on the motion for default judgment filed by Plaintiff BMO Bank N.A. (ECF No. 17). As discussed below, the Court will permit Plaintiff to file a supplemental brief in support of its motion, specifically, to address how service was achieved on the two Defendants (1) K & K Trans Inc (a California Corporation) and (2) Jarnail Singh (an individual identified as the owner, sole director, and CEO of K&K Trans Inc). (*See* ECF No. 1, p. 2).

"Before assessing the merits of a default judgment," a court must address certain preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). Here, Plaintiff's motion summarily states as follows:

> Both Defendants were sub-served pursuant to Cal. Civ. Proc. Code § 415.20(a) on June 21, 2025, with a copy of the summons and complaint at Defendants' residence located at 5898 N. Leafwood Avenue, Fresno, California 93723, to a

1 | person at least 18 years of age, who was informed of the contents thereof.
2 | (ECF No. 17, p. 2).
3 |     However, the cited service provision, § 415.20(a) only applies to corporations and other entities, not to individuals. *NewRez LLC v. Brosnan*, No. CV 22-8822-MWF (MAAx), 2023 WL 5506000, at *3 (C.D. Cal. July 7, 2023) (noting that § 415.20(a) does not apply to individuals). Accordingly, while this provision may apply to K & K Trans Inc, a corporation, it does not appear to apply to Jarnail Singh, who is an individual.

    Turning to K & K Trans Inc, under California state law, a corporation may be served, among other means, by delivering the summons and complaint to the "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Plaintiff relies on § 415.20(a), a provision providing for substituted service, which has the following requirements:

> **In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10**, 416.20, 416.30, 416.40, or 416.50, **a summons may be served by leaving a copy of the summons and complaint** during usual office hours in his or her office or, if no physical address is known, **at his or her usual mailing address**, other than a United States Postal Service post office box, **with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.** When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a) (emphasis added).

    Plaintiff's motion does not identify the person to be served "as specified in Section 416.10" (or any other provision that may be applicable). The Court notes that the proof of service filed in the record states that Jarnail Singh, the purported agent for service of process for K & K Trans Inc, was served by leaving the summons and complaint with a "John Doe (refused named) – Co-occupant" at what appears to be Jarnail Singh's home. (ECF No. 10-1, p. 5). Assuming this is Jarnail Singh's "usual mailing address" Plaintiff fails to explain how the John Doe (who refused to provide a name) was "apparently in charge thereof." *See Bd. of Trs. of Cement Masons Health & Welfare Tr. Fund for N. California v. Mercoza*, No. 24-CV-03427-LJC, 2025 WL 2391550, at *2 (N.D. Cal. Aug. 18, 2025) ("Here, the process server attests that he left the

summons and complaint with an unnamed John Doe, who is described as the Person in charge[.] Considering the proof of service in isolation, there are no facts to indicate that the John Doe was a person apparently in charge for purposes of § 415.20(a). The Court is skeptical that the formulaic and conclusory statement in the proof of service that John Doe was the Person in charge[,] lacking factual detail supporting this conclusion, is sufficient to establish that John Doe was in fact authorized to accept service.") (internal quotation marks and citation omitted); P*roduce v. California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814 DMR, 2012 WL 259575, at *4 (N.D. Cal. Jan. 27, 2012) (concluding that Plaintiff had failed to show that papers were left with a person "apparently in charge" when papers were left with employee with an unknown job title and where there may have been a "language barrier").

The Court notes that there are other service provisions that may be applicable, but which Plaintiff does not address.[1] For example, if service is made under § 415.20, a separate provision, § 417.10(a), requires an affidavit showing that various requirements were met:

> If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a).

In turn, § 412.30 provides as follows:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.
>
> If such notice does not appear on the copy of the summons served, no default may

---

[1] This order does not purport to advise Plaintiff of all potentially applicable service provisions; rather, it is Plaintiff's responsibility to identify and explain how all relevant provisions have been met.

3

be taken against such corporation or unincorporated association or against such person individually, as the case may be.

Cal. Civ. Proc. Code § 412.30.

Plaintiff fails to address whether the summons contained the above notice under § 412.30. *See Otto Archive, LLC v. Lifestyle Furniture Home Store Corp.*, No. 1:24-CV-01467-JLT-SKO, 2025 WL 1400272, at *4 (E.D. Cal. May 14, 2025) ("Here, because the proof of service does not indicate that the notice under Section 412.30 was provided to Defendant, service was ineffective, and no default can be taken.").

Accordingly, IT IS ORDERED as follows:

1. The December 4, 2025 hearing on the motion for default judgment is VACATED. (ECF No. 21).
2. Plaintiff shall have thirty days from the entry of this order to file a supplement brief, no longer than ten pages including exhibits, identifying the specific provisions under which service was achieved for each Defendant and explaining how all requirements of the applicable provisions were met.
3. If Plaintiff chooses not to file a supplement, the Court will recommend that the motion for default judgment be denied.
4. Lastly, if after reviewing this order, Plaintiff desires another opportunity to seek a clerk's entry of default or to serve any Defendant, Plaintiff may voluntarily withdraw the entry of default, or its motion for default judgment without prejudice to refiling after service is completed, in which case, Plaintiff must also request an extension of the date to serve the Defendant.

IT IS SO ORDERED.

Dated: __October 6, 2025__          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE