UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A., <br><br>        Plaintiff, <br><br>v. <br><br>JARNAIL SINGH, <br><br>        Defendant. | Case No. 1:25-cv-00725-JLT-EPG <br><br> FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED, IN PART <br><br>(ECF No. 17) <br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

    Plaintiff BMO Bank N.A. moves for default judgment against Defendant Jarnail Singh on a state law breach of contract claim.[1] (ECF No. 17). While the motion also seeks default judgment as to K & K Trans Inc, as will be explained later, K & K Trans Inc has since been dismissed from this case as a defendant. (*See* ECF Nos. 29, 30).

    For the reasons given below, the Court will recommend that Plaintiff's motion for default judgment be granted, in part. Specifically, the Court will recommend that the motion be granted as to Singh for a total award of $269,441.37 with an additional award of pre-judgment interest as specified below.

**I.    BACKGROUND**

    Plaintiff filed its complaint on June 13, 2025. (ECF No. 1). It alleges that it entered into three agreements with K & K Trans Inc (a commercial trucking company) for the purchase of

---

[1] The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19).

1

vehicles (*e.g.*, "2017 Vanguard Refrigerated Vans: 53'"), resulting in loans of (1) $158,881; (2) $247,295.40; and (3) $205,315.80, with Defendant Singh (the owner and CEO of K & K Trans Inc) guaranteeing the loans. (*Id.* at 2-4). In connection with the loans, K & K Trans Inc granted Plaintiff a first-priority security interest in the vehicles. (*Id.* at 4).

K & K Trans Inc and Singh defaulted under the terms of the loans and guaranties by failing to make loan payments. (*Id.* at 4). Plaintiff asserts that, under the terms of the loans, it is owed interest, certain fees, costs, and attorney's fees. (*Id.* at 5-6). The complaint alleges a breach of contract claim against K & K Trans Inc and another against Singh. (*Id.* at 7-8).

After K & K Trans Inc and Singh failed to respond to the complaint, Plaintiff obtained a clerk's entry of default against them under Federal Rule of Civil Procedure 55(a). (ECF Nos. 10, 11). Plaintiff moved for default judgment on September 24, 2025. (ECF No. 17). In support of its motion, it has filed the declaration of its attorney, Ken Ito, regarding costs and attorney's fees and the declaration of its litigation specialist, Whitney Oliver, regarding damages. (ECF Nos. 18, 19).

The Court ordered supplemental briefing regarding whether K & K Trans Inc and Singh were properly served. (ECF No. 23). After supplemental briefing, the Court noted that service did not appear proper as to K & K Trans Inc, and Plaintiff voluntarily dismissed it as a Defendant on December 8, 2025. (ECF Nos. 25-30).

Thus, this case proceeds against Singh alone.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a defendant who has failed to defend a case. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the Court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint,

except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

### III. DISCUSSION

The Court first addresses its subject matter jurisdiction for entering a default judgment and personal jurisdiction over Singh. The Court will then examine the *Eitel* factors and the terms of the proposed judgment.

**A. Jurisdiction and Service of Process**

**1. Subject matter jurisdiction**

Plaintiff's complaint alleges subject-matter jurisdiction under 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." § 1332(a)(1). (ECF No. 1, p. 1).

The amount sought here is greater than $75,000. (*Id.* at 1; *see* ECF No. 17, p. 10). Therefore, the minimum amount in controversy required for diversity jurisdiction is satisfied.

Plaintiff and Singh are also diverse in citizenship. National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, a bank is "located" in the state designated in its articles of association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). And under § 1348, "a national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014).

In the complaint, Plaintiff states that it "is a national association with its main office, as set forth in its articles of association, located in Chicago, Illinois." (ECF No. 1, p. 2). Therefore, for purposes of diversity jurisdiction, Plaintiff is located in Illinois and is a citizen of Illinois.

Individuals are deemed to be citizens "by [their] state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The complaint alleges that Singh "is a citizen of the State of California residing at 5898 N. Leafwood Avenue, Fresno, California 93723."  (ECF No. 1, p. 2). Therefore, Singh is a California citizen.

Accordingly, Plaintiff has established that the Court has diversity jurisdiction in this case.

**2. Personal jurisdiction**

"A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d at 712. "Serving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(A). There are two main types of personal jurisdiction, general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 122, 126-127 (2014) (discussing differences between general and specific jurisdiction). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)

Here, the Court finds that it has general jurisdiction over Singh, who as noted above, is domiciled in California.

Turning to service, Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff relies on the following California provision permitting substituted service on individuals:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least

> 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b); (ECF No. 25, p. 2).

Plaintiff argues, with citation to a supporting affidavit of a process server, that Singh was served at the Leafwood Avenue address (Singh's residence), which is the address used on the loan applications with Plaintiff and the most recent State of Information filing by K & K Trans Inc. (ECF No. 25, pp. 1-2; *see* ECF No. 6). Specifically, a John Doe, listed as a 40-year-old man and a co-occupant was served, and informed of the general nature of the papers, after three prior attempts to serve Singh at the address. Further, the papers were thereafter mailed by first-class mail, postage prepaid to Singh at the Leafwood Avenue address.

Given this information, the Court concludes that it has personal jurisdiction over Defendant Singh.

### B. *Eitel* Factors

#### 1. Prejudice to Plaintiff

Turning to the *Eitel* factors, Plaintiff argues that it will be prejudiced if judgment is not entered "because Defendant[] refused to participate in the action and has made default judgment the sole avenue of relief available to Plaintiff." (ECF No. 17, p. 12).

The Court agrees. If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Singh will not defend this action, and the complaint alleges that Singh is in default of the unpaid amounts owed to Plaintiff.

Accordingly, this *Eitel* factor weighs in favor of granting default judgment.

#### 2. Substantive merits and sufficiency of complaint

As to the second and third *Eitel* factors, Plaintiff argues that the elements of breach of contract are met. (*Id.* at 12-13).

For the second and third *Eitel* factors, the Court weighs the merits of the substantive claims and the sufficiency of the operative complaint. *Eitel*, 782 F.2d at 1471-72. Essentially, these "factors require [a] plaintiff to state a claim on which plaintiff can recover." *OL USA LLC v.*

*TTS Int'l LLC*, No. 2:21-CV-1541 WBS DB, 2022 WL 2208527, at *2 (E.D. Cal. June 21, 2022), *report and recommendation adopted*, 2022 WL 4450658 (E.D. Cal. Sept. 23, 2022).

Plaintiff's motion for default judgment argues that there was a breach of contract under California law, but the Court notes that the agreements contain a choice of law provision for Illinois law. (*Compare* ECF No. 17, p. 12, *with* ECF No. 1, pp. 14, 21, 28 and ECF No. 18, pp. 14, 22, 29). Nevertheless, the Court need not resolve this issue because both California and Illinois law have essentially the same fundamental elements for breach of contract.

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: '(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). Similarly, under California law, the elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted).

The Court finds that Plaintiff has alleged sufficient facts for a claim for breach of contract. As alleged in Plaintiff's complaint, Plaintiff and Singh agreed to certain terms regarding loans for vehicles, Plaintiff performed its obligations, Singh failed to repay the loans, and Plaintiff suffered damages as a result of the breaches. (ECF No. 1, pp. 3-8).

Accordingly, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3. Sum of money in relation to seriousness of conduct

Next, the Court considers the sum of money at stake in the action, with a lower sum weighing in favor of default judgment.

Plaintiff requests a total of $269,540.73, which includes the remaining principal of the loan amounts, interest, costs, and fees. (ECF No. 17, p. 14). The Court does not find this amount to be excessive as it is based upon Singh's obligations under the terms of the agreement.[2]

---

[2] As noted below, the Court will recommend a slightly lesser amount be awarded. Additionally, it will

6

Accordingly, the Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. Possibility of dispute

No genuine issue of material fact is likely to exist. Singh has not responded to the complaint, and Plaintiff has adequately alleged a breach of contract by Singh. Accordingly, the Court finds that the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. Whether the default was due to excusable neglect

The Court finds that the default in this matter was not due to excusable neglect. Singh was served with the complaint and failed to respond. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

### 6. Policy favoring decision on the merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, the [Defendant's] failure to appear has made a decision on the merits impossible at this juncture." *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020).

Accordingly, the Court finds that the seventh *Eitel* factor does not preclude default judgment.

### 7. Conclusion

In light of the discussion of all the *Eitel* factors, the Court recommends that default judgment be entered against Singh.

## C. Terms of Judgment

Plaintiff's complaint seeks the unpaid principal, interest, various fees (including attorney's fees) and costs. (ECF No. 1, pp. 4-7). The agreements at issue provide as follows:

> **5.2 Remedies.** Upon the occurrence of an event of default . . . Lender may, at its option, with or without notice to Debtor (i) declare this Agreement to be in default . . . Debtor agrees that Lender may bring legal proceedings to enforce the payment and performance of Debtor's obligations hereunder in any court in the State shown in Lender's address set forth herein, and service of process may be made upon

---

recommend an award of prejudgment interest.

7

> Debtor by mailing a copy of the summons to Debtor at its address shown herein. Debtor shall also pay to Lender all expenses of retaking, holding, preparing for sale, selling and the like, including without limitation (a) the reasonable fees of any attorneys retained by Lender, and (b) all other legal expenses incurred by Lender. Debtor agrees that Debtor is liable for any deficiency remaining after any disposition of Equipment after default. . . .
>
> **5.3 Acceleration Interest.** Debtor agrees to pay Lender, upon acceleration of the above indebtedness, interest on all sums then owing hereunder at the rate of 1 1/2% per month if not prohibited by law, otherwise at the highest rate Debtor can legally obligate itself to pay or Lender can legally collect under applicable law.

(ECF No. 1, pp. 13, 20, 27; ECF No. 18, pp. 14, 21, 28). Pursuant to the corresponding guarantees, Singh agreed to pay on demand all indebtedness owed by K & K Trans Inc, including all losses, costs, and attorney fees. (ECF No. 1, pp. 32, 33, 34; ECF No. 18, pp. 33, 34, 35).

### 1. Damages

As noted above, Plaintiff seeks default judgment as to its breach of contract claim against Singh.

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In determining the appropriate sum for a default judgment, a court may rely on the affidavits or documentary evidence submitted by the plaintiff or order an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2); *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1235 (E.D. Cal. 2008) ("Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.") (citation omitted).

Under California law, the prevailing party in a breach of contract claim is entitled to recover "as nearly as possible the equivalent of the benefits of performance." *Lisec v. United Airlines, Inc.*, 10 Cal. App. 4th 1500, 1503 (1992). Moreover, a plaintiff is also entitled to prejudgment interest under California law. *See* Cal. Civ. Code § 3287(a) ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."); *State of California v. Continental Ins. Co.*, 15 Cal.App.5th 1017, 1038 (2017) ("Under [§ 3287(a)], prejudgment interest is allowable where the amount due

8

plaintiff is fixed by the terms of a contract . . . .") (citation omitted).

The following table illustrates all the monetary relief sought in this case.

| Description | Amount |
| --- | --- |
| Principal | $239,708.44 |
| Interest and Fees | $26,085.57 |
| Attorney's Fees | $3,185.00 |
| Costs | $561.72 |
| **TOTAL JUDGEMENT AMOUNT SOUGHT** | **$269,540.73** |

Plaintiff further requests interest in the following amounts per day after August 8, 2025, for the three loans: (1) $6.11; (2) $52.44; and (3) $61.30. (ECF No. 17, pp. 8, 10). The Court will address the attorney's fees ($3,185) and costs ($561.72) separately below but will recommend that Plaintiff be granted its requested relief, except for a slight reduction in the costs sought.

Notably, the motion for default judgment explains how the principal, interest, and fees were calculated. (*Id.* at 6-10). Moreover, these amounts are supported by the declaration of Whitney Oliver. (ECF No. 18, pp. 5-9; 43-47).

### 2. Attorney's fees and costs

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California Civil Procedure Code § 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Further, "parties to actions or proceedings are entitled to their costs[.]" Cal. Civil Proc. Code § 1021.

Here, as noted above, Singh agreed to pay attorney's fees under the guarantees. (ECF No. 1, pp. 32, 33, 34; ECF No. 18, pp. 33, 34, 35). Thus, the Court finds that Plaintiff is entitled to attorney's fees and costs under California law.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000). "[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport*

9

*Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also PLCM Group*, 22 Cal.4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work."). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The trial court is given "broad authority to determine the amount of a reasonable fee." *PLCM Group*, 22 Cal.4th at 1095.

Here, Plaintiff's counsel, Ken I. Ito, seeks attorney's fees in the amount of $3,185 for work performed at his hourly rate of $325.00 per hour. (ECF No. 19, p. 3). Plaintiff also seeks a total of $561.72 in costs, which consists of the filing fee and service of process on Singh and K & K Trans Inc. (*Id.*). In support of the fees and costs requested, Plaintiff submits Ito's Declaration, Oliver's declaration, a timesheet, and itemized expenses. (ECF Nos. 17-19).

Attorney Ito's declaration states that he has more than fourteen years of litigation experience with an emphasis in creditors' rights and business and commercial litigation. (ECF No. 19, p. 3). The attached timesheet lists the tasks performed in this case. (*Id.* at 5-9). Further, the declaration states that a total of 9.8 hours were spent on this case, *i.e.*, 9.8 x $325 = $3,185. (*See* ECF No. 19, p. 3).

The Court finds the requested hourly rate of $325 to be reasonable in light of the hourly rates awarded in the Eastern District. *See BMO Harris Bank N.A. v. Ronsher Trans*, No. 1:23-cv-00369-ADA-SAB, 2023 WL 4234665 at *10 (E.D. Cal. June 28, 2023) ("Hourly rates for attorney fees awarded in the Eastern District of California range from $200-$750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years.") (collecting cases). The Court concludes that Attorney Ito's rate for work performed in this case is reasonable in light of Attorney Ito's fourteen years of experience. *See Siafarikas v. Mercedez-Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney "who has practiced law for 21 years").

The Court also concludes that the hours expended in this matter, resulting in an award of $3,185, are reasonable. Specifically, the Court notes that other courts in this district have awarded

Attorney Ito fees ranging from $3,410.00 to $6,725.50 for his work on similar cases involving default judgment. *See BMO Harris Bank, N.A. v. Jasvinder Singh*, No. 1:23-cv-00067-JLT-BAM, ECF Nos. 15, 16 (awarding Attorney Ito $6,725.50 in attorney's fees); *BMO Harris Bank N.A. v. Laddi Truck Lines, Inc., et al.*, No. 1:23-cv-00070-ADA-HBK, ECF Nos. 13, 16 (awarding Ito $3,410.00 in attorney's fees); *BMO Harris Bank N.A. v. Ronsher* Trans, *et al.*, No. 1:23-cv-00369-ADA-SAB, ECF No. 12, 16 (awarding Ito $4,922.50 in attorney's fees). Therefore, the Court finds that the total amount of attorney's fees sought here, $3,185, is warranted.

However, the Court will recommend a $99.36 reduction in costs for a total award of $462.36 in costs (*i.e.*, $561.72 - $99.36 = $462.36). This is because Plaintiff is attempting to claim $99.36 in service costs on K & K Trans Inc, a dismissed defendant, and provides no argument why Singh should be ordered to pay such costs.

Thus, the Court will recommend a total award of $269,441.37 (*i.e.*, $269,540.73 requested - $99.36 in service costs on K & K Trans Inc).

### IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons given, Plaintiff is entitled to default judgment in most respects. Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 32) be GRANTED, in part, as specified below:
   a. Judgment be entered in favor of Plaintiff BMO Bank N.A. against Defendant Jarnail Singh.
   b. Plaintiff be awarded $269,441.37 total in monetary relief.
   c. Plaintiff be awarded $3.185 in attorney's fees and $462.36 in costs as part of the total award of $269,441.37.
   d. Plaintiff be awarded prejudgment interest accrued at the daily rate of $6.11 for the first loan, $52.44 for the second loan, and $61.30 for the third loan, for each day after August 8, 2025.
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

(14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 23, 2025**                  /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE